THE DISTRICT COURT OF GUAM

FRED J. CRUZ,

    Plaintiff,

vs.

PETER CRUZ,

    Defendant.

CIVIL CASE NO. 22-00002

**ORDER DENYING PETER CRUZ'S MOTION FOR SANCTIONS**

Before the court is Defendant Peter Cruz's Motion for Sanctions[1] against Plaintiff Fred J. Cruz. Mot., ECF No. 111. The motion has been fully briefed and the court deems this matter suitable for submission without a hearing. The court having reviewed the pleadings and relevant case law, hereby **DENIES** the Motion.

**I.    BACKGROUND**

Peter's Motion for Sanctions was filed during a bench trial, held on February 13-16, 2024, involving a breach of contract claim. Mins., ECF Nos. 105, 113, 118, and 119. Fred did not have counsel and appeared *pro se*. Peter was represented by Attorneys Geri E. Diaz and Nicholas Ennis of the Camacho Calvo Law Group LLC. On February 14, 2024, Fred filed a Motion for Default Judgment under Federal Rule of Civil Procedure 37(b)(2). Mot., ECF No. 106-2. Fred claimed that during the discovery period he was not provided with the following exhibits by Peter or his counsel: exhibits F, G, H, I, J, and U through HH.[2] *Id.* at 2. Fred also

---

[1] The title of the Motion for Sanctions is erroneously titled "Plaintiff's Motion for Sanctions" and should have been titled "Defendant's Motion for Sanctions." Mot., ECF No. 111.

[2] On February 13, 2024, the court determined at trial that exhibits U through HH were documents from the probate proceeding adjudicated before the Superior Court of Guam. The court orally granted Peter's request to judicially notice exhibits U through HH and Fred did not object.

complained that Peter's exhibit binder was delivered to Fred twelve days after the January 30, 2024 deadline pursuant to the trial scheduling order. *Id.* As a result, Fred urged the court to issue the sanction of default judgment against Peter.

On February 14, 2024, Peter *filed* both an Opposition to Fred's Motion for Default Judgment and a Motion for Sanctions. Opp'n, ECF No. 110 and Mot., ECF No. 111. Peter's Motion for Sanctions requests attorney fees be imposed on Fred for the time he spent responding to Fred's Motion for Default Judgment. Mot. at 2, ECF No. 111. On February 15, 2024, defense counsel *served* Fred with the Motion for Sanctions in the courtroom and Fred filed a Response to Peter's Motion for Sanctions. Opp'n, ECF No. 116-2.

On February 15, 2024, the court denied Fred's Motion for Default Judgment because it felt it was an improper sanction. Fred also failed to follow the procedure required to bring a motion under Rule 37(b)(2).[3] It was revealed that Fred and Mary Quijano, his secretary, had properly received the disputed exhibits F, G, H, I, and J, and that the court had judicially noticed exhibits U through HH without any objections. In addition, Fred was also informed that Peter's exhibit binder was properly lodged with the court by the scheduled deadline of January 30, 2024.[4] Shortly after these revelations, Fred withdrew his Motion for Default Judgment.

Peter's Motion for Sanctions is **DENIED** for the reasons explained below.

---

[3] Fred should have first made a motion for an order to compel discovery that included a certification from Fred that he "in good faith conferred or attempted to confer" with Peter for failing to turn over certain discovery "in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). If an order was issued by Magistrate Judge Michael Bordallo and Peter failed to comply, it is at that point that he could have made a motion under Rule 37(b)(2). The court would then determine whether sanctions were appropriate. *Id.* Instead, Fred asked the court to impose sanctions without complying with the required steps outlined in Rule 37(a)(1).

[4] The actual delivery of the exhibit binder to Fred was not required under the local rules or the scheduling order. As a matter of courtesy, Peter's counsel delivered an exhibit binder to Fred prior to trial.

## II. DISCUSSION

As a threshold matter, motions for Rule 11 sanctions must be served under Federal Rule of Civil Procedure 5, "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c)(2). This is referred to as the "safe harbor" period and gives the nonmoving party an opportunity to withdraw or amend the "offending pleading" and avoid sanctions.[5] *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).

The court applies the 21-day safe harbor period strictly. The "safe harbor" period is mandatory. *Radcliff v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). The "safe harbor" period is triggered upon service of the motion to the opposing party. *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) (citations omitted). Courts must reverse an award of sanctions if the "challenging party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous." *Id.* and *see Corrigan v. Dale*, 162 F. App'x 784, 786 (9th Cir. 2006) (citing *Holgate*, 425 F.3d at 678) (holding that the district court's award of Rule 11 sanctions is reversed in part because counsel failed "to comply with the 'safe harbor' provisions.").

In the present case, Peter violated the procedure for filing and serving his Motion for Sanctions. Under Federal Rule of Civil Procedure 11(c)(2), Peter was required to serve Fred the Motion for Sanctions and then wait 21 days to file it. This 21-day period was designed to allow Fred to correct or withdraw the challenged Motion for Default Judgment pleading before Peter was to file it. *See* FED. R. CIV. P. 11(c)(2). Rather than initially serving the Motion for Sanctions

---

[5] The advisory committee's notes to the 1993 amendment of Federal Rule of Civil Procedure 11 state that "[t]hese provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation."

on February 14, 2024, Peter actually filed it with the court. Peter then proceeded to serve Fred the Motion for Sanctions a day later, on February 15, 2024. *See* Mot., ECF No. 111. Peter's Motion for Sanctions is denied because he failed to follow the proper procedure outlined in Rule 11(c)(2).

### III. CONCLUSION

Based on the foregoing, the court hereby **DENIES** Peter's Motion for Sanctions.[6]

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
　　**Chief Judge**
**Dated: Jul 03, 2024**

---

[6] Even taking into account that Fred withdrew his Motion for Default Judgment on the same day Peter served his Motion for Sanctions and assuming *arguendo* that Peter strictly followed the Rule 11 procedure, the court finds no evidence that Fred filed his Motion for Default Judgment for any improper purpose. *See* FED. R. CIV. P. 11(b)(1). Under Rule 11, *pro se* litigants and attorneys are held to an objective standard of reasonableness. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989), *aff'd*, 498 U.S. 533 (1991). However, the court has discretion to consider "what is objectively reasonable for a *pro se* litigant and for an attorney may not be the same" and "the *pro se* status of a violator may be relevant to the court's discretionary choice of the appropriate sanction in a given case." *Id.* (emphasis added). In this case, Fred, a *pro se* litigant, was simply confused about what discovery he received and how the exhibit binders were to be lodged and delivered. Once Fred was informed of what actually transpired, he immediately withdrew his motion. The court finds that this simple confusion by a pro se litigant does not amount to an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See* FED. R. CIV. P. 11(b)(1), and *Columbia Tech Ctr., LLC v. Jennings*, No. C23-5428RSM, 2023 WL 4014296, at *2 (W.D. Wash. June 15, 2023) (holding that the *pro se* litigant's confusion about the legal standards for removal was not a sufficient basis to impose the "extraordinary remedy" of Rule 11 sanctions) (citation omitted).

In addition, although Fred's pleading lacked evidentiary support, it was his confusion of the process that led him to file the unnecessary Motion for Default Judgment. *See* FED. R. CIV. P. 11(b)(3); and *Columbia Tech Ctr., LLC*, 2023 WL 4014296, at *2. The court finds that sanctions are unwarranted in this case because it was not objectively unreasonable for Fred, a *pro se* litigant, to be confused about the discovery and binder process. *See Bus. Guides, Inc.*, 892 F.2d at 811.