**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| FRED J. CRUZ, | CIVIL CASE NO. 22-00002 |
| Plaintiff, | |
| vs. | **ORDER DENYING THE PLAITNIFF'S MOTION FOR RECONSIDERATION** |
| PETER CRUZ, | |
| Defendant. | |

Before the court is *pro se* Plaintiff Fred J. Cruz's (hereinafter "Fred") Motion for Reconsideration.[1] Mot., ECF No. 137. The court has reviewed the record, relevant case law, and finds the matter suitable for submission without oral argument. The court hereby **DENIES** Fred's Motion **WITH PREJUDICE.**

**I.  Background**

Between February 13-16, 2024, the court held a bench trial on Fred's breach of contract claim against Defendant Peter Cruz (hereinafter "Peter") for failing to compensate him for pursuing a probate case for their mother's estate and securing Peter's inheritance. Mins., ECF

---

[1] Fred's motion is titled "Motion to Amend Order and Judgment" pursuant to Federal Rule of Civil Procedure 59(a)(2). Mot., ECF No. 137. However, the court discerns that Fred is actually filing a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and, therefore, the court will treat it as such. *See Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) (holding that the court construes *pro se* motions liberally).

Nos. 105, 113, 118, and 119. On February 21, 2024, Peter filed a Motion for Judgment on Partial Findings pursuant to Federal Rule of Civil Procedure 52(c). Mot., ECF No. 120. On May 20, 2024, the court granted Peter's motion and found that no contract existed because Fred failed to prove an essential element of his breach of contract claim, that is, the existence of a valid contract. Order at 12, ECF No. 123. The court found that although a contract did not exist, Fred was still entitled to recovery under the equitable remedy of quasi-contract for pursuing the probate case. *Id.* The court ordered Fred to file a brief itemizing the expenses he incurred while pursuing the probate case and supporting documents. *Id.* at 13. On June 3, 2024, Fred filed his brief and argued that he is entitled to recover $85,979.58. Brief at 10, ECF No. 125.

The parties appeared before the court for an evidentiary hearing on July 9, 2024 to determine how much money Fred is entitled to recover from Peter under the equitable remedy of quasi contract. *See* Min., ECF No. 131. The court heard the evidence, and, on August 7, 2024, the court issued a decision awarding Fred $6,756.76. Order, ECF No. 132.

On August 29, 2024, Fred filed the instant Motion for Reconsideration. Mot., ECF No. 137. Therein, Fred argues that the court erred by basing its recovery solely on the expenses he incurred while pursuing the probate matter instead of his services. *Id.* at 2-3. Fred asserts that he should be compensated for the services he rendered with a 12% finder's fee of Peter's inheritance because he acted as an intermediary between Peter and the probate court to secure Peter's inheritance. *Id.* at 5.

//

//

## II. Legal Standard[2]

The court has "discretion in granting or denying a motion for reconsideration." *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301 (S.D. Cal. 2014), *aff'd*, 816 F.3d 1170 (9th Cir. 2016). However, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing FED. R. CIV. PRO. 59(e)). A district court should not grant a motion for reconsideration, "absent highly unusual circumstances," unless (1) the moving party presents newly discovered evidence, (2) the original ruling was clearly erroneous, or (3) there is an intervening change in the controlling law. *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## III. Discussion

Here, Fred does not put forth new evidence or allege that there was an intervening change in the controlling law. Mot., ECF No. 137. Instead, Fred argues that the court erred by awarding him recovery for expenses incurred and not for services rendered. *Id.* at 5. Fred argues that he should be compensated for his services as a "Finder" and that he should be paid a 12% finder's fee. *Id.* at 5.

"The measure of recovery in *quantum meruit* is the reasonable value of the services rendered *provided* they were of direct benefit to the defendant." *Maglica v. Maglica*, 78 Cal. Rptr. 2d 101, 104 (Cal. App. 4th Dist. 1998), *as modified on denial of reh'g* (Sept. 28, 1998) (emphasis in original).[3] Courts consider "a wide variety of evidence" when determining how

---

[2] The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and specific personal jurisdiction over Peter pursuant to Guam's long arm statute. 7 GUAM CODE ANN. § 14109 (2005). "'[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law.'" *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2007) (quoting *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Here, Guam contract law applies.

[3] While quasi-contract, also known as quantum meruit, is not recognized by Guam statute, the

much recovery a party is entitled to under quasi-contract. *Children's Hosp. C. California v. Blue Cross of California*, 172 Cal. Rptr. 3d 861, 872 (Cal. App. 5th Dist. 2014). "[T]he facts and circumstances of the particular case dictate what evidence is relevant to show the reasonable market value of the services at issue[.]" *Id.* The burden is on the party seeking fees to show the value of its services. *Id.*

In the court's decision on Peter's Motion for Judgment on Partial Findings, the court held that the services rendered by Fred to Peter was his pursuit of the probate matter, which included employing Ms. Quijano, expenses from his trip to Guam, and hiring attorneys. Order at 10, ECF No. 123. The facts and circumstances of this case required Fred to provide evidence of receipts, invoices, and signed agreements. *Id.* and *Children's Hosp.*, 172 Cal. Rptr. 3d at 872. The court gave Fred specific instructions to file a "brief, itemizing the expenses he incurred when he pursued the probate case [and that] Fred shall also file . . .documents supporting these expenses, including receipts, contract with the lawyer he hired, invoices, and any other supporting papers." Order at 13, ECF No. 123. At the evidentiary hearing, the court gave Fred the opportunity to present evidence on the alleged categories of recovery: (a) personal legal assistant fees; (b) attorney fees; (c) expenses from three trips to Guam; (d) lost income; (e) miscellaneous costs; and (f) costs for the administrative supplies used by Mary Quijano, Fred's personal legal assistant. Order, ECF No. 132. At the end of the hearing, the court determined that Fred provided some evidence for certain expenses and awarded recovery based on the evidence presented. *Id.* at 3-10. The court also held that Fred failed to provide evidence for the attorneys he allegedly hired, his lost income, some of the miscellaneous costs, and the administrative supplies used by Ms. Quijano and, therefore, he did not receive recovery for those categories of alleged expenses. *Id.*

---

Supreme Court of the Territory of Guam has recognized it and looked to California case law for guidance. *See Tanaguchi-Ruth + Assocs. v. MDI Guam Corp.*, 2005 Guam 7, ¶ 27, 46 (Guam Apr. 1, 2005).

The court need not reach the merits of Fred's motion, particularly, that he should be regarded as a Finder because this is an entirely new argument. Mot. at 5, ECF No. 137. It is not based on new evidence, a change in controlling law, or the court's error and, therefore, the argument is outside the scope of a motion for reconsideration under Rule 59(e). *Kona Enters., Inc.*, 229 F.3d at 890.

### IV. Conclusion

The court hereby **DENIES** Fred's Motion for Reconsideration **WITH PREJUDICE**.

**SO ORDERED**.



/s/ **Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Sep 11, 2024**